Dowd v Tischler

2026 NY Slip Op 02968

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Mary Dowd, appellant,

v

Henry Tischler, etc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2023-02781, (Index No. 526003/18)

Colleen D. Duffy, J.P.

Paul Wooten

Phillip Hom

Elena Goldberg Velazquez, JJ.

Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY (Brian J. Isaac and Jillian Rosen of counsel), for appellant.

Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Charles F. Hickerson IV and Philip D. Lerner of counsel), for respondent.

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated February 8, 2023. The order, upon an order of the same court (Bernard J. Graham, J.) dated December 1, 2022, sua sponte, directed dismissal of the complaint with prejudice.

[*1]

DECISION & ORDER

Motion by the appellant, inter alia, for leave to appeal to this Court from the order dated February 8, 2023. By decision and order on motion of this Court dated February 2, 2024, that branch of the appellant's motion which is for leave to appeal to this Court from the order dated February 8, 2023, was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the argument of the appeal, it is

ORDERED that the branch of the appellant's motion which is for leave to appeal from the order dated February 8, 2023, is granted; and it is further,

ORDERED that the order dated February 8, 2023, is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

In 2018, the plaintiff commenced this action against the defendant Henry Tischler (hereinafter the defendant), among others, to recover damages for medical malpractice and lack of informed consent. In October 2021, counsel for the plaintiff, William Schwitzer & Associates, P.C., moved for leave to withdraw as the plaintiff's counsel. In an order dated December 1, 2022 (hereinafter the conditional order), the Supreme Court, inter alia, granted the motion and directed that should the plaintiff fail to retain counsel by February 1, 2023, the complaint would be dismissed. Thereafter, in an order dated February 8, 2023, the court, upon the conditional order, sua sponte, directed dismissal of the complaint with prejudice. The plaintiff appeals.

"A court's power to dismiss a complaint sua sponte is to be used sparingly, and only when extraordinary circumstances exist to warrant such a dismissal" (Wells Fargo Bank, N.A. v St. Louis, 229 AD3d 116, 119; see Bank of N.Y. Mellon v Stewart, 216 AD3d 720, 724). Here, the Supreme Court was without authority, either pursuant to CPLR 3216 or 22 NYCRR 202.27 (see Deutsche Bank Trust Co. Ams. v Gonzales, 215 AD3d 636, 637-638; Moreau v Cayton, 203 AD3d 818), to direct dismissal of the complaint (see U.S. Bank N.A. v Bhagwandeen, 216 AD3d 700, 702; Bank of N.Y. v Harper, 176 AD3d 907, 909). Under these circumstances, the court improperly, sua sponte, directed dismissal of the complaint (see Bank of N.Y. v Harper, 176 AD3d at 909).

The defendant's remaining contentions are without merit.

DUFFY, J.P., WOOTEN, HOM and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court